UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

NICOLE CHRISTINE MODESTE,

       Plaintiff,

   v.

WILSON DEJESUS, individually,
and GREGORY TONY, as SHERIFF of
BROWARD COUNTY, Florida,

       Defendants.

_____/

**COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

    1.     This is a civil action seeking money damages in excess of $30,000 dollars, exclusive

of costs, interest, and attorney's fees, against Defendant WILSON DEJESUS, individually, and

GREGORY TONY, as SHERIFF of BROWARD COUNTY, Florida.

    2.     This action is brought pursuant to 42 U.S.C. § 1983 and § 1988, and the Fourth and

Fourteenth Amendments to the United States Constitution.  The United States District Court for the

Southern District of Florida has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1331,

and 28 U.S.C. § 1343.  Plaintiff further invokes the supplemental jurisdiction of the United States

District Court to hear pendant State tort claims arising under State law, pursuant to 28 U.S.C. §

1367(a).

    3.     Plaintiff has fully complied with all conditions precedent to bringing this action

imposed by the laws of the State of Florida, and particularly by the provisions of § 768.28(6)(d) of

the Florida Statutes.  On October 23, 2019, notice of claim was served on Gregory Tony, as Sheriff

of Broward County.  On October 25, 2019, notice of claim was served on Jimmy Theo Patronis, Jr.,

as Chief Financial Officer, Florida Department of Financial Services.  In excess of 6 months has

elapsed since notice of claim was filed without final disposition, and as such, the claim is deemed

denied.

## PARTIES

4.      Plaintiff NICOLE CHRISTINE MODESTE is a citizen and resident of Broward

County, state of Florida.

5.      At all times referred to herein, Defendant WILSON DEJESUS (hereinafter Defendant

DEJESUS) was employed as a deputy sheriff for Defendant, GREGORY TONY, as SHERIFF of

BROWARD COUNTY, Florida, and was acting under color of state law, and in such capacity as an

agent, servant, and employee of Defendant, GREGORY TONY, as SHERIFF of BROWARD

COUNTY, Florida.

6.      Defendant GREGORY TONY, as SHERIFF of BROWARD COUNTY, Florida, is

the successor Sheriff of Broward County, Florida [hereinafter Defendant GREGORY TONY, as

SHERIFF OF BROWARD COUNTY, Florida, or Defendant BROWARD SHERIFF'S OFFICE],

as organized and existing under the Constitution and laws of the State of Florida.  In this cause,

Defendant GREGORY TONY, as SHERIFF of BROWARD COUNTY, Florida, acted through its

agents, employees, and servants, including Defendant DEJESUS, and others.

7.      Plaintiff sues Defendant DEJESUS in his individual capacity.

## FACTS

8.      On October 25, 2018, Katherine Theresa Ramirez (hereinafter "Ramirez") was at or

near VYPZ, a social club located at 4260 N. State Road 7, Lauderdale Lakes, Broward County,

Florida, when she became involved in an altercation with Nicola Sophia Brown Modest, DOB 06/28/XX.

9.      At all times material hereto, Nicola Sophia Brown Modest worked as a promoter at VYPZ and was known to Ramirez and others.

10.      During the altercation, Nicola Sophia Brown Modest poured a drink on Ramirez. The situation then escalated to the point where Nicola Sophia Brown Modest hit Ramirez multiple times on the top of her head with a bottle of Hennessey.

11.      Ramirez was subsequently treated at Plantation General Hospital where her scalp was sutured.

12.      Ramirez and a witness were subsequently asked to identify the perpetrator in photographic line-ups.  Both positively identified Nicola Sophia Brown Modest as the perpetrator.

13.      At all times material hereto, Defendant DEJESUS knew that his probable cause affidavit would be submitted to prosecuting authorities and relied upon for the filing of criminal charges.

14.      On March 6, 2019, Defendant DEJESUS prepared and signed a probable cause affidavit for submission to prosecuting authorities in which he falsely identified Plaintiff, NICOLE CHRISTINE MODESTE, DOB 12/18/XXXX, as the "Defendant," when in fact, as Defendant DEJESUS knew, Ramirez and a witness both positively identified Nicola Sophia Brown Modest as the actual perpetrator.

15.      The probable cause affidavit completed by Defendant DEJESUS was attested by Mirelle Palushaj, a detective for Defendant GREGORY TONY, as SHERIFF of BROWARD COUNTY, Florida.  Based on information and belief, there was no supervisory review and approval

3

of Defendant DEJESUS's probable cause affidavit.

16.     At all times material hereto, Plaintiff, NICOLE CHRISTINE MODESTE, worked as a surgical technologist (i.e., scrub tech, or operating room technician), at Broward Health North, on Sample Road, in Pompano Beach, Florida.

17.     At all times material hereto, Plaintiff had no prior arrests and no affiliation with the VYPZ social club, Nicola Sophia Brown Modest, or Ramirez.

18.     On July 25, 2019, Assistant State Attorney Jody Gress, Esq., prepared a criminal information charging Plaintiff, NICOLE CHRISTINE MODESTE, with aggravated battery (deadly weapon).  The information was signed by Alex Urruela, Esq., Assistant-in-Charge of the Broward County State Attorney's Office, Case Filing Unit.  Bond was set at no bond.

19.     On July 25, 2019, the Broward County Clerk of Court issued a not-in-custody capias for Plaintiff's arrest.   The capias requested the Sheriff to arrest:   Nicole Christine Modeste, 4278 N.W. 38th Avenue, Lauderdale Lakes, FL 33309; Female 12/18/XXXX Black, Case No. 19-009267CF10A.

20.     On August 21, 2019, members of the fugitive warrant division for Defendant GREGORY TONY, as SHERIFF of BROWARD COUNTY, Florida, made contact with Plaintiff inside her residence and served the warrant.   Plaintiff was thereafter transported to the Broward County Jail.

21.     On August 22, 2019, Plaintiff was screened by Pretrial Services in the Broward County Jail, whereupon it was confirmed that Plaintiff had no criminal history.  Plaintiff was released (ROR).

22.     On September 23, 2019, the Broward County State Attorney's Office entered a nolle

prosequi, and Plaintiff has never been convicted of any criminal offense as a result of her arrest on

August 21, 2019.

       23.     On September 25, 2019, Assistant State Attorney Inez Goncalves, Esq., submitted

a close-out memorandum for *State of Florida v. Nicole C. Modeste*, Case No.: 19-9267CF10A:

> The defendant was charged with Aggravated Battery with a Deadly Weapon. The events arose out of an altercation that occurred at a nightclub on October 25, 2018. The victim recognized the defendant to be a promoter at the nightclub. It was established that the identity of the defendant was Nicola Sophia Modest, born on June 28, [XXXX]. Both the victim and an independent witness identified her in a line-up.

> However, due to an error in Broward Sheriff Deputy Wilson Dejesus' report incorrectly identifying the defendant as Nicole Christine Modeste, born on December 18, [XXXX], an out of custody capias was issued for Ms. Modeste. Ms. Modeste was arrested on the out of custody capias on August 21, 2019. Upon reviewing the line-up photos and comparing the photo of Ms. Modest to her past booking photo, the undersigned ASA determined that Ms. Modest was the individual identified in the line-up as the one who committed the crime. The undersigned also had an opportunity to see Ms. Modeste in open court and her physical features differ from those of Ms. Modest.

> Therefore, the State announced a nolle prosequi on the case against Nicole C. Modeste and will file charges against Nicola Christine [sic] Modest for the crime of Aggravated Battery with a Deadly Weapon.

       24.     On September 25, 2019, Assistant State Attorney Inez Goncalves, Esq., sent a email

to Defendant DEJESUS, stating in pertinent part:

> I am the ASA assigned to the above-referenced case for which you were the investigating officer. In this case, an out of custody capias was issued for an individual named Nicole Christine Modeste; 12/18/[XXXX] and this individual was arrested.    However, the actual defendant is Nicola Sophia Brown Modest; 6/28/[XXXX]. Since the wrong individual was arrested, the State dismissed the case and will be refiling it to reflect the correct defendant. It appears that this error occurred because the top of your complaint affidavit lists the defendant as "Nicole Christine Modeste." The actual narrative reflects the correct defendant (Nicola Sophia Brown Modest). Can you please provide an updated report listing Nicola Sophia Brown Modest as the defendant so that we can file the case against her. I am

cc'ing the case filer, ASA Jody Gress to this email. Please let me know if you have any questions. Thank you!

25.     The conduct of Defendant DEJESUS, as set forth herein, occurred under color of state law.

## CAUSES OF ACTION

### COUNT I
### "FRANKS V. DELAWARE" CLAIM AGAINST DEFENDANT
### DEJESUS, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For her cause of action against Defendant DEJESUS, individually, in Count I, Plaintiff states:

26.     Plaintiff realleges and adopts, as if fully set forth in Count I, the allegations of paragraphs 1 through 25.

27.     Defendant DEJESUS proximately caused criminal proceedings to be instituted or continued against Plaintiff with malice and in the absence of probable cause that Plaintiff committed any criminal offense by causing his probable cause affidavit to be submitted to prosecuting authorities containing materially false statements and material omissions.

28.     Defendant DEJESUS named Plaintiff as the actual wanted person in his probable cause affidavit by entering MODESTE in the box for "Defendant's Last Name" and NICOLE CHRISTINE in the box for "First" and "Middle" name.

29.     Defendant DEJESUS typed 12/18/XX for the actual wanted person's date of birth, and included Plaintiff's street address in the area of the box where the actual wanted person's street address should have been listed.

30.     No reasonably well-trained police officer in Defendant DEJESUS's position would have listed Plaintiff as the actual perpetrator in the absence of reasonably reliable information that

Plaintiff was, in fact, the actual wanted person. To the contrary, the actual wanted person was correctly identified by the victim and a witness in separate photographic line-ups, and the name and correct date of birth of the actual wanted person was listed in the narrative section of the probable cause affidavit: Nicola Sophia Brown Modest, DOB 06/28/XX.

31. At all times material hereto, Defendant DEJESUS knew that his probable cause affidavit would be submitted to prosecuting authorities, and would be relied upon by prosecuting authorities for the institution and continuation of criminal charges against the person identified in the affidavit as the "Defendant."

32. Defendant DEJESUS knowingly and deliberately, or with reckless disregard for the truth, falsely identified Plaintiff as the "Defendant" in his probable cause affidavit. Defendant DEJESUS knew that Nicola Sophia Brown Modest had been positively identified in two separate photographic lineups as the actual perpetrator, and included that fact in the narrative portion of his probable cause affidavit. Plaintiff and Nicola Sophia Brown Modest have different dates of birth, and as any reasonable police officer in Defendant DEJESUS's position would have known, were not the same person.

33. The conduct of Defendant DEJESUS was reckless and without regard to whether the institution or continuation of criminal proceedings against Plaintiff for the crime of aggravated battery with a deadly weapon was justified, in violation of Plaintiff's clearly established rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983.

34. The criminal proceedings instituted and continued by Defendant DEJESUS reached a bona fide resolution in Plaintiff's favor.

35.     As a direct and proximate result of the conduct described herein, in violation of 42 U.S.C. § 1983, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation, including business reputation/goodwill.

36.     As a further direct and proximate result of the conduct of Defendant DEJESUS, Plaintiff suffered loss of her liberty and freedom, resulting pain and suffering,  mental anguish, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights.  Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

       i.     Judgment for compensatory damages in excess of $ 30,000 dollars;

      ii.     Judgment for exemplary damages;

     iii.     Cost of suit;

     iv.     Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

      v.     Trial by jury as to all issues so triable; and

     vi.     Such other relief as this Honorable Court may deem just and appropriate.

### COUNT II
### MALICIOUS PROSECUTION CLAIM AGAINST DEFENDANT DEJESUS, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For her cause of action against Defendant DEJESUS, individually, in Count II, Plaintiff states:

37.     Plaintiff realleges and adopts, as if fully set forth in Count II, the allegations of paragraphs 1 through 25.

38.     Defendant DEJESUS proximately caused criminal proceedings to be instituted or continued against Plaintiff with malice and in the absence of probable cause that Plaintiff committed

any criminal offense by causing his probable cause affidavit to be submitted to prosecuting authorities containing materially false statements and material omissions.

39.     No reasonably cautious deputy sheriff in the position of Defendant DEJESUS would have believed Plaintiff was guilty-in-fact of the criminal offense of aggravated battery with a deadly weapon.

40.     Defendant DEJESUS proximately caused criminal proceedings to be instituted or continued against Plaintiff with malice and in the absence of probable cause that Plaintiff committed any criminal offense by causing his probable cause affidavit to be submitted to prosecuting authorities containing materially false statements and material omissions.

41.     Defendant DEJESUS named Plaintiff as the actual wanted person in his probable cause affidavit.  Defendant DEJESUS entered MODESTE in the box for "Defendant's Last Name" and NICOLE CHRISTINE in the box for "First" and "Middle" name.

42.     Defendant DEJESUS entered 12/18/XX for the actual wanted person's date of birth, and included Plaintiff's street address in the area of the probable cause affidavit wherein the actual wanted person's street address should have been listed.

43.     No reasonably well-trained police officer in Defendant DEJESUS's position would have listed Plaintiff as the actual perpetrator in the absence of reasonably reliable information that Plaintiff was, in fact, the actual wanted person.   To the contrary, the actual wanted person was correctly identified by the victim and a witness in separate photographic line-ups, and the name and correct date of birth of the actual wanted person was listed in the narrative section of the probable cause affidavit:  Nicola Sophia Brown Modest, DOB 06/28/XX.

44.     At all times material hereto, Defendant DEJESUS knew that his probable cause

affidavit would be submitted to prosecuting authorities, and would be relied upon by prosecuting authorities for the institution and continuation of criminal charges against the person identified in the affidavit as the "Defendant."

45.     The conduct of Defendant DEJESUS was reckless and without regard to whether the institution or continuation of criminal proceedings against Plaintiff for the crime of aggravated battery with a deadly weapon was justified, in violation of Plaintiff's clearly established rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983.

46.     The criminal proceedings instituted and continued by Defendant DEJESUS reached a bona fide resolution in Plaintiff's favor.

47.     As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation, including business reputation/goodwill.

48.     As a further direct and proximate result of the conduct of Defendant DEJESUS, Plaintiff suffered loss of her liberty and freedom, resulting pain and suffering, mental anguish, and loss of capacity for the enjoyment of life. It was also necessary for Plaintiff to retain the services of a criminal defense attorney and to pay a reasonable fee for her lawyer's services in the underlying criminal prosecution. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights. Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

i.      Judgment for compensatory damages in excess of $30,000;

ii.      Judgment for exemplary damages;

iii.     Cost of suit;

iv.      Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

v.       Trial by jury as to all issues so triable; and

vi.      Such other relief as this Honorable Court may deem just and appropriate.

**COUNT III**
**MALICIOUS PROSECUTION CLAIM UNDER STATE LAW**
**AGAINST DEFENDANT DEJESUS, INDIVIDUALLY**

For her cause of action against Defendant DEJESUS, individually, in Count III, Plaintiff states:

49.     Plaintiff realleges and adopts, as if fully set forth in Count III, the allegations of paragraphs 1 through 25.

50.     Defendant DEJESUS proximately caused criminal proceedings to be instituted or continued against Plaintiff with malice and in the absence of probable cause that Plaintiff committed any criminal offense by causing his probable cause affidavit to be submitted to prosecuting authorities containing materially false statements and material omissions.

51.     No reasonably cautious deputy sheriff in the position of Defendant DEJESUS would have believed Plaintiff was guilty-in-fact of the criminal offense of aggravated battery with a deadly weapon.

52.     Defendant DEJESUS named Plaintiff as the actual wanted person in his probable cause affidavit.  Defendant DEJESUS entered MODESTE in the box for "Defendant's Last Name" and NICOLE CHRISTINE in the box for "First" and "Middle" name.

53.     Defendant DEJESUS entered 12/18/XX for the actual wanted person's date of birth, and included Plaintiff's street address in the area of the probable cause affidavit wherein the actual

wanted person's street address should have been listed.

54.     No reasonably well-trained police officer in Defendant DEJESUS's position would have listed Plaintiff as the actual perpetrator in the absence of reasonably reliable information that Plaintiff was, in fact, the actual wanted person.   To the contrary, the actual wanted person was correctly identified by the victim and a witness in separate photographic line-ups, and the name and correct date of birth of the actual wanted person was listed in the narrative section of the probable cause affidavit:  Nicola Sophia Brown Modest, DOB 06/28/XX.

55.     At all times material hereto, Defendant DEJESUS knew that his probable cause affidavit would be submitted to prosecuting authorities, and would be relied upon by prosecuting authorities for the institution and continuation of criminal charges against the person identified in the affidavit as the "Defendant."

56.     The conduct of Defendant DEJESUS was reckless and without regard to whether the institution or continuation of criminal proceedings against Plaintiff for the crime of aggravated battery with a deadly weapon was justified, in violation of Plaintiffs' right to be free from malicious prosecution under Florida law.

57.     The criminal proceedings instituted and continued by Defendant DEJESUS reached a bona fide resolution in Plaintiff's favor.

58.     As a direct and proximate result of the acts described above, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation, including business reputation/goodwill.

59.     As a further direct and proximate result of the conduct of Defendant DEJESUS, Plaintiff suffered loss of her liberty and freedom, resulting pain and suffering,  mental anguish, and

loss of capacity for the enjoyment of life.  It was also necessary for Plaintiff to retain the services of

a criminal defense attorney and to pay a reasonable fee for her lawyer's services in the underlying

criminal prosecution.  The losses are either permanent or continuing and Plaintiff will suffer the

losses in the future, in violation of Plaintiff's rights under Florida law.

WHEREFORE, Plaintiff prays:

      i.      Judgment for compensatory damages in excess of $30,000;

      ii.      Judgment for exemplary damages;

      iii.      Cost of suit;

      iv.      Trial by jury as to all issues so triable; and

      v.      Such other relief as this Honorable Court may deem just and appropriate.

**COUNT IV**
**STATE LAW CLAIM AGAINST DEFENDANT, GREGORY TONY, AS**
**SUCCESSOR SHERIFF OF BROWARD COUNTY, FLORIDA, FOR**
**NEGLIGENT FAILURE TO SUPERVISE AND DISCIPLINE**

For her cause of action against Defendant GREGORY TONY, as SHERIFF of BROWARD

COUNTY, Florida, in Count IV, Plaintiff states:

60.      Plaintiff realleges and adopts, as if fully set forth in Count IV, the allegations of

paragraphs 1 through 25.

61.      On March 28, 2017, Satoya D. Johnson (hereinafter "Johnson") obtained a temporary

injunction for protection against domestic violence against her boyfriend, Justin Hinds (hereinafter

"Hinds").  In fact, it was Hinds who was subjected to domestic violence by Johnson.

62.      A temporary restraining order was issued against Hinds (without notice) when, in fact,

Hinds acted lawfully towards Johnson at all times and had no knowledge he was the subject of a

temporary injunction.

63.      On April 4, 2017, Hinds traveled to 2051 SW 42nd Avenue, Fort Lauderdale, Broward County, Florida, to discuss the repayment of money paid by Hinds to Johnson for down payment on a home.

64.      When Hinds arrived at 2051 SW 42nd Avenue, Fort Lauderdale, Florida, Defendant DEJESUS was on scene.

65.      When Hinds approached the residence, he was arrested by Defendant DEJESUS.

66.      Defendant DEJESUS thereafter prepared an offense incident report for submission to prosecuting authorities incorrectly reporting that "[a]fter running the suspect on TELETYPE, it was confirmed that the suspect was served with the restraining order," when in fact, as Defendant DEJESUS knew, Hinds had not been served.

67.      No criminal charges were ever filed against Hinds, and Johnson began a dating relationship with Alton Montina, whom she subsequently killed (and was charged with second degree murder). *State of Florida v. Satoya Johnson*, Broward County Case No.: 18-003202CF10A (case pending).

68.      Hinds subsequently sued Defendant DEJESUS and Defendant BROWARD SHERIFF'S OFFICE in *Justin Hinds v. Wilson DeJesus, individually, and Scott J. Israel, as Sheriff of Broward County, Florida*, United States District Court, Southern District of Florida, Case No.: 17-62346-Civ-Martinez/Snow.  The case settled for $45,000 on or about August 2018, well before Defendant DEJESUS completed his probable cause affidavit incorrectly naming Plaintiff NICOLE CHRISTINE MODESTE as the "Defendant."

69.      Defendant DEJESUS was never disciplined for his conduct towards Hinds, and

currently works as a detective for Defendant, GREGORY TONY, as SHERIFF of BROWARD

COUNTY, Florida.

70.     At all times material hereto, Defendant, GREGORY TONY, as SHERIFF of

BROWARD COUNTY, Florida, was aware or should have become aware of problems with the

fitness of Defendant DEJESUS.

71.     In April 2017, Defendant DEJESUS mistakenly reported that TELETYPE confirmed

HINDS had been was served with a temporary restraining order," when in fact, he had not.

72.     Defendant DEJESUS thereafter misidentified Plaintiff NICOLE CHRISTINE

MODESTE as the "Defendant" in his probable cause affidavit, when in fact, as Defendant DEJESUS

knew, Nicola Sophia Brown Modest had been positively identified in two separate photographic

lineups as the actual perpetrator.

73.     Defendant, GREGORY TONY, as SHERIFF of BROWARD COUNTY, Florida, had

actual or constructive notice of problems with Defendant DEJESUS's fitness, insofar as Defendant,

GREGORY TONY, as SHERIFF of BROWARD COUNTY, Florida, was also named as a

Defendant in *Justin Hinds v. Wilson DeJesus, individually, and Scott J. Israel, as Sheriff of Broward

County, Florida*.

74.     At all times material hereto, Defendant GREGORY TONY, as SHERIFF of

BROWARD COUNTY, Florida, had a duty to supervise and discipline his subordinates, including

Defendant DEJESUS, and failed or refused to do so.  As a consequence thereof, Defendant

DEJESUS continued to make mistakes in his police reports by negligently reporting that Plaintiff

NICOLE CHRISTINE MODESTE was the person wanted for aggravated battery (deadly weapon)

and identified in a photographic lineup (by Ramirez and a witness).

75.     No reasonable law enforcement agency in the position of Defendant GREGORY TONY, as SHERIFF of BROWARD COUNTY, Florida, would have failed or refused to investigate and/or take corrective action under the circumstances.

76.     The conduct of Defendant GREGORY TONY, as SHERIFF of BROWARD COUNTY, Florida, proximately caused the arrest of Plaintiff NICOLE CHRISTINE MODESTE. Had Defendant DEJESUS been provided supervision and discipline regarding the recording and reporting of the evidence discovered during the course of his criminal investigations, Plaintiff NICOLE CHRISTINE MODESTE would not have suffered the wrongs set forth herein. The conduct of Defendant  GREGORY TONY, as SHERIFF of BROWARD COUNTY, Florida constitutes negligence under Florida law.

77.     As a direct and proximate result of the acts described above, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation, including business reputation/goodwill.

78.     As a further direct and proximate result of the conduct of Defendant GREGORY TONY, as SHERIFF of BROWARD COUNTY, Florida, Plaintiff suffered loss of her liberty and freedom, resulting pain and suffering,  mental anguish, and loss of capacity for the enjoyment of life. It was also necessary for Plaintiff to retain the services of a criminal defense attorney and to pay a reasonable fee for her lawyer's services in the underlying criminal prosecution. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights under Florida law.

WHEREFORE, Plaintiff prays:

       i.     Judgment for compensatory damages in excess of $30,000;

ii.     Cost of suit;

iii.    Trial by jury as to all issues so triable; and

iv.     Such other relief as this Honorable Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

79.     Plaintiff demands trial by jury on all issues so triable as of right.

**DATED** this ___26th___ day of April, 2020.

By:  *s/. Hugh L. Koerner*
            Hugh L. Koerner
            Florida Bar No.: 716952
            Email: hlklaw@hughkoerner.com
            Hugh L. Koerner, P.A.
            Sheridan Executive Centre
            3475 Sheridan Street, Suite 208
            Hollywood, FL 33021
            Telephone: (954) 522-1235
            Facsimile:  (954) 522-1176
            *Attorneys for Plaintiff Nicole Christine Modeste*